J-S27004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA JAMES PARK | : | |
| | : | |
| Appellant | : | No. 344 WDA 2021 |

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001171-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA JAMES PARK | : | |
| | : | |
| Appellant | : | No. 345 WDA 2021 |

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001176-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA JAMES PARK | : | |
| | : | |
| Appellant | : | No. 346 WDA 2021 |

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001177-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

:
:
v.                                          :
:
:
:
JOSHUA JAMES PARK                           :
:
Appellant             :      No. 347 WDA 2021

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001178-2017

COMMONWEALTH OF PENNSYLVANIA  :      IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.                                          :
:
:
:
JOSHUA JAMES PARK                           :
:
Appellant             :      No. 348 WDA 2021

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001179-2017

COMMONWEALTH OF PENNSYLVANIA  :      IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.                                          :
:
:
:
JOSHUA JAMES PARK                           :
:
Appellant             :      No. 349 WDA 2021

Appeal from the PCRA Order Entered February 4, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001180-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

---

[*] Retired Senior Judge assigned to the Superior Court.

J-S27004-21

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 30, 2021**

Appellant, Joshua James Park, appeals from the order entered on February 4, 2021, in the Criminal Division of the Court of Common Pleas of Blair County that dismissed his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after an evidentiary hearing. Appointed counsel has filed a petition to withdraw and a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1, 2] Counsel's brief ostensibly raises two issues requested by Appellant, namely, that ineffective assistance on the part of trial counsel caused Appellant to enter an invalid guilty plea and that Appellant was entitled to additional credit for time served based on his belief that his sentence would commence

---

[1] These cases were consolidated pursuant to Pa.R.A.P. 513 by order of this Court entered on April 13, 2021. Additionally, because Appellant included a notice of appeal at each PCRA court docket affected by the order dismissing his petition, his notices of appeal are compliant with our Supreme Court's mandate in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Lastly, counsel for Appellant filed the instant appeal on March 11, 2021, pursuant to a PCRA court order granting an extension of the appeal deadline until April 15, 2021. Because counsel filed this appeal well before the trial court's extended deadline, we may consider this appeal to be timely filed. ***See*** **Commonwealth v. Patterson**, 940 A.2d 493, 498-500 (Pa. Super. 2007).

[2] Although counsel styled his brief as having been filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), we note that an **Anders** brief governs the withdrawal of counsel from direct appeal. Nevertheless, as **Anders** imposes stricter requirements for withdrawal than those set forth in **Turner/Finley**, this Court accepts **Anders**-compliant briefs in the context of collateral review. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

- 3 -

immediately on the date of sentencing despite the existence of a parole violation. We affirm and grant counsel's petition to withdraw.

The PCRA court prepared a Pa.R.A.P. 1925(a) opinion setting forth the pertinent procedural history:

> On April 8, 2019, [Appellant] entered guilty pleas to resolve six (6) pending drug-related cases. In all cases save one, [Appellant] entered guilty pleas to possession with intent to deliver/delivery, criminal conspiracy, and criminal use of a communication facility. At CR 1171-2017, his guilty plea was to an ungraded misdemeanor of use/possession of drug paraphernalia. Consistent with the plea agreement, [Appellant] received an aggregate sentence of no less than three years and no more than 15 years in the state correctional system. [Appellant] was afforded [] all appropriate credit for time served and he was also deemed to be eligible [for the Recidivism Risk Reduction Incentive (RRRI) program, 61 Pa.C.S.A. §§ 4501-4512], with an RRRI minimum sentence of 27 months. There was no post-sentence motion nor any direct appeal filed by [Appellant]. His guilty plea counsel was Scott Pletcher, Esq. [(Attorney Pletcher)].
>
> On April 6, 2020, [Appellant] filed [a petition for collateral relief]. In his [petition, Appellant] alleged primarily that [ineffective assistance of counsel unlawfully induced an invalid guilty plea]. He identified Robert S. Donaldson, Esq. [(Attorney Donaldson)] and Attorney Pletcher as serving as his counsel of record relative to the underlying cases.
>
> On May 11, 2020, [the PCRA court] appointed [Paul M. Puskar, Esq. (Attorney Puskar)] as PCRA counsel and provided Attorney Puskar [60] days to file [an] amended PCRA petition. No [] amended PCRA petition was filed. [The PCRA court] held a status conference with counsel on July 30, 2020 and the matter proceeded to an evidentiary hearing on October 27, 2020.
>
> [Appellant testified at the October 27, 2020 hearing]. It was stipulated by counsel that a transcript from the April 8, 2019 guilty plea/sentencing hearing would be prepared and incorporated into the record. [The court] also scheduled the matter for further hearing to allow an opportunity for either the Commonwealth or

- 4 -

[Appellant] to call Attorney Donaldson and/or Attorney Pletcher as an additional witness. Such further hearing was held on December 20, 2020, at which time Attorney Puskar confirmed on the record that he personally spoke to Attorney Pletcher and that he and [Appellant] agreed [to call neither Attorney Pletcher nor Attorney Donaldson] as an additional witness.

[The PCRA court dismissed Appellant's petition by order entered on February 4, 2021. This appeal followed.]

PCRA Court Opinion, 5/14/21, at 1-3.

We begin by determining whether counsel has satisfied the requirements for withdrawal. In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. These traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were expanded by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abborogated in part*, **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[3] which provides: 1) as part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter; 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims; 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless; 4) PCRA counsel must contemporaneously forward to the

---

[3] **Pitts** held that this Court in **Friend** improperly addressed, on its own motion, the sufficiency of a no-merit letter filed before the PCRA court.

petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel; 5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and, 6) the court must agree with counsel that the petition is meritless. **See Friend**, 896 A.2d at 615 (footnote omitted).

After careful review and consideration, we conclude that counsel has **minimally** complied with the requirements of **Turner/Finley**. In this case, counsel filed a petition to withdraw on June 7, 2021, attaching a copy of his no-merit letter. At the same time, counsel forwarded his no-merit letter to Appellant. The no-merit letter included a statement advising Appellant that he had the right to proceed *pro se*, retain private counsel, and raise any issues he deemed appropriate with this Court.

Although counsel's no-merit letter to Appellant explained that counsel reviewed the entire record in this case, the letter did not separately list each issue Appellant sought to raise for purposes of appellate review. Moreover, counsel's no-merit letter did not explain why Appellant's claims lacked merit. Notwithstanding these omissions, however, counsel's letter enclosed a copy of his petition to withdraw. In his petition to withdraw, counsel averred that

he discussed with Appellant the PCRA court's opinion and order dismissing the instant claims for collateral relief. Counsel also explained that, after a careful review of the record, he could not identify any meritorious issues suitable for appellate review. Counsel's no-merit letter also enclosed a copy of his **Turner/Finley** brief, which has attached a copy of the PCRA court's opinion.[4] In its opinion, the PCRA court found no evidentiary or legal support for Appellant's claim that the ineffective assistance of counsel caused him to enter an invalid guilty plea.[5] **See** PCRA Court Opinion, 5/14/21, at 9. The court also concluded that there is no legal support for a claim asserting that a sentence imposed for new offenses should run concurrently to a penalty imposed for a parole violation. **See id.** at 12. Under these circumstances, we conclude that the materials forwarded by counsel, in combination, identified Appellant's claims for appellate review and explained why those claims lacked

---

[4] The version of the PCRA court's opinion counsel attached to his **Turner/Finley** brief was entered on the PCRA court's docket on February 4, 2021, at the same time the court entered its order dismissing Appellant's petition. The February 4, 2021 opinion is identical to the opinion filed on May 14, 2021 in all material respects.

[5] Specifically, the PCRA court found no evidence that a plea agreement contemplating a six-month minimum sentence was ever reduced to writing and signed by Appellant, his attorney, or the attorney for the Commonwealth. **See** PCRA Court Opinion, 5/14/21, at 9. Moreover, no such agreement was presented to, or accepted by, the trial court. **See id.** Based upon these findings, the court found no legal basis on which to enforce such an agreement. In fact, the court found that Appellant, in his written guilty plea colloquy, confirmed his understanding that the terms of his plea agreement called for a sentence of three to 15 years of incarceration, with RRRI eligibility. **See id.**

merit. We note, in addition, that Appellant has not filed a response to counsel's petition to withdraw.

While we have elected to accept counsel's submissions as an example of minimal compliance with our procedural rules under the specific circumstances of this case, we remind counsel of his responsibility, in future cases, to research all applicable procedures relating to the withdrawal from representation and to make every effort to comply with those procedural obligations fully and completely.

We now proceed to an independent review of the record to determine whether Appellant's claims merit relief. This Court reviews an order dismissing a petition for collateral relief under the following governing principles.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. ***Id.*** We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. ***Id.*** This Court may affirm a PCRA court's decision on any grounds if the record supports it. ***Id.*** We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007). Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

We have carefully reviewed the certified record, the submissions of the parties, and the opinion issued by the PCRA court. Based upon our review, we are satisfied that the PCRA court's findings of fact are supported by the record and that its legal conclusions are free of error. Moreover, because the PCRA court has adequately and accurately addressed the issues raised in Appellant's petition for collateral relief, and because the record does not reveal the existence of any meritorious issues worthy of appellate review, we affirm the dismissal of Appellant's petition for the reasons set forth in the PCRA court's opinion and adopt that opinion as our own. The parties are instructed to attach a copy of the PCRA court's opinion to all future filings pertaining to the disposition of this appeal. Having determined that the PCRA court's order should be affirmed, we grant counsel's petition to withdraw pursuant to *Turner/Finley*.

Petition to withdraw as counsel granted. Order affirmed.

Judge Colins joins.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2021

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA            :
                                        :
                                        : SUPERIOR COURT DOCKET
                                        : NOS.
                                        : 345, 346, 347, 348  & 349
                                        : WDA 2021
                                        :
                                        : TRIAL COURT DOCKET NOS.
                                        : CR  1171, 1176, 1177, 1178, 1179,
                                        : & 1180 - 2017
                                        :
                                        :
                                        :
          v.                            :
                                        :
                                        :
JOSHUA JAMES PARK,                      :
          APPELLANT                     :

HON. TIMOTHY M. SULLIVAN                     PRESIDING JUDGE

PETER J. WEEKS, ESQUIRE                      DISTRICT ATTORNEY
PAUL M. PUSKAR, ESQUIRE                      PCRA COUNSEL


*OPINION PURSUANT TO RULE 1925(a) OF THE*
*PA RULES OF APPELLATE PROCEDURE*


**FACTUAL/PROCEDURAL HISTORY:**


On April 8, 2019, the Appellant entered guilty pleas to resolve six (6) pending

drug-related cases.  In all cases save one, the Appellant entered guilty pleas to

Possession with Intent to Deliver/Delivery, Criminal Conspiracy and Criminal Use of

Communication Facility.  At CR 1171 – 2017, his plea was to an ungraded

1

#44

misdemeanor of Use/Possession of Drug Paraphernalia. Consistent with the plea agreement, the Appellant received an aggregate sentence of no less than 3 years and no more than 15 years in the state correctional system. The Appellant was afforded any and all appropriate credit for time served and he was also deemed to be RRRI eligible, with a RRRI minimum of 27 months. [Reproduced Record #22].[1] There was no post-sentence motion nor any direct appeal filed by the Appellant. His guilty plea counsel was Attorney Scott Pletcher. [R.R. #15 and 22].

On April 6, 2020, the Appellant filed a Motion for Post Conviction Collateral Relief. In his motion, he alleged primarily that he was rendered ineffective assistance of counsel which resulted in his plea of guilty being unlawfully induced. He identified Attorney Robert S. Donaldson and Attorney Pletcher as serving as his counsel of record relative to the underlying cases. [R.R. #26].

On May 11, 2020, we appointed Attorney Paul M. Puskar as PCRA counsel and provided Attorney Puskar sixty (60) days to file any Amended PCRA Petition. No such Amended PCRA Petition was filed. We held a status conference with counsel on July 30, 2020 [R.R. #27] and the matter proceeded to an evidentiary hearing on October 27, 2020. [R.R. #28].

---

[1] All Reproduced Record references are taken from CR 1171-2017 (346 WDA 2021).

2

During our October 27, 2020 hearing, the Appellant testified. It was stipulated by counsel that a transcript from the April 8, 2019 guilty plea/sentencing hearing would be prepared and incorporated into the record. [R.R. #31]. We also scheduled the matter for further hearing to allow an opportunity for either the Commonwealth or the Appellant to call Attorney Donaldson and/or Attorney Pletcher as an additional witness. [R.R. #31A]. Such further hearing was held on December 22, 2020, at which time Attorney Puskar confirmed on the record that he personally spoke to Attorney Pletcher and that both he and the Appellant agreed not to call Attorney Pletcher nor Attorney Donaldson as an additional witness. [R.R. #40, pp. 1-2].

We entered an Opinion and Order dated February 3, 2021 denying and dismissing the Appellant's PCRA Petition. [R.R. #32].

On February 9, 2021, Attorney Puskar filed a Motion to Withdraw as (PCRA) Counsel. [R.R. #33]. On February 26, 2021, Attorney Puskar filed a Petition for Extension of Time to File Appeal. [R.R. #34]. On March 2, 2021, we entered an Order scheduling Attorney Puskar's withdrawal motion for hearing on April 22, 2021. [R.R. #36]. In our Order, we set forth that the purpose of the hearing was to address whether PCRA counsel had complied with the mandates of *Commonwealth v.*

*Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

We entered an Order on March 1, 2021 granting Attorney Puskar an extension until April 15, 2021 to file his Notice of Appeal. [R.R. #35]. There was no objection to the extension by the Commonwealth. On March 11, 2021, the Appellant filed his Notice of Appeal at each case. [R.R. #37].

We entered our Rule 1925(b) Order on March 15, 2021 directing the Appellant to file his Concise Statement of Matters Complained of on Appeal within twenty-one (21) days of service. [R.R. #39]. On April 8, 2021, an Order was entered granting the Appellant an extension until May 5, 2021 to file his Rule 1925(b) Statement. [R.R. #41]. On April 21, 2021, Attorney Puskar filed a Praecipe to Withdraw Motion to Withdraw as Counsel. [R.R. #42].

On May 3, 2021, the Appellant filed his Rule 1925(b) Statement, setting forth the following:

1. By Order dated February 4, 2021, the PCRA Court denied and dismissed Mr. Parks PCRA Petition.

2. By Order dated March 1, 2021, the PCRA Court extended the time to file an appeal to April 15, 2021.

3. Defendant filed an appeal on March 11, 2021.

4

4. By Order dated April 15, 2021, the trial court extended the time to file a Concise Statement of Matters Complained of on Appeal to May 5, 2021.

5. Counsel has reviewed the record and the Opinion entered by the PCRA Court.

6. Counsel has concluded that the only possible issue on appeal is abuse of discretion, which would be frivolous both legally and factually.

7. Defendant has not provided any issues he wishes to raise on appeal which are not frivolous.

[R.R. #43].

## *STANDARD OF REVIEW:*

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez,* 111 A.3d 775, 779 (Pa. Super. 2015). (internal citations omitted).

An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by

5

evidence of record. *Commonwealth v. Antidormi,* 84 A.3d 736, 745 (Pa. Super. 2014).

### *APPLICABLE LAW:*

Post conviction relief petitions are governed by the **Post Conviction Relief Act, 42 Pa. C.S.A. 9541 et seq.** To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following (in pertinent parts):

(1)     That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment ... for the crime;

* * * * * * * *

(2)     That the conviction or sentence resulted from one or more of the following:

(i)  A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii)     Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(3)     That the allegation of error has not been previously litigated or waived.

6

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. §9543.

To establish an ineffective assistance of counsel claim, the post conviction petitioner must satisfy a three-prong inquiry: (1) whether the underlying claim is of arguable merit; (2) whether counsel's acts or omissions had any reasonable strategic basis designed to advance the interests of the petitioner; and (3) whether there is a reasonable probability that the outcome of the proceedings would have been different, but for the errors and omissions of counsel. *Commonwealth v. Williams*, 730 A.2d 507, 511 (Pa. Super. 1999).

To obtain relief under the Post Conviction Relief Act premised upon a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003).

The law presumes that trial counsel was not ineffective, and the post conviction petitioner bears the burden of proving otherwise. *Commonwealth v. Williams*, *supra*, 730 A.2d at 511.

7

Counsel is presumed to have acted in his client's best interests; thus, it is appellant's burden to prove otherwise. **Commonwealth v. Miller**, 431 A.2d 233, 235 (Pa. 1981). In general, counsel and appellate counsel cannot be deemed ineffective for failing to pursue claims without merit. **Commonwealth v. Bracey**, 795 A.2d 935 Pa. 2001).

Before a claim of ineffective assistance of counsel can be maintained, the Court must determine, in light of all the alternatives available to counsel, the actual strategy employed by counsel was so unreasonable that a competent lawyer would not have chosen that strategy. **Commonwealth v. Hill**, 235 A.2d 347, 349 (Pa. 1967). Once it is determined that the course of action chosen by counsel had some reasonable basis which was designed to effectuate the client's interest, counsel will be deemed constitutionally effective. **Miller, supra**, 431 A.2d at 235. Finally, a petitioner must demonstrate prejudice as a result of the ineffective assistance of his counsel, i.e., there is a reasonable probability, but for counsel's error, the outcome of the proceeding would have been different. **Commonwealth v. Cox**, 863 A.2d 536, 546 (Pa. 2004).

However, when it is clear that the party asserting a claim of ineffectiveness has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the first two prongs of the ineffectiveness standard have been met. *Commonwealth v. Zook*, 887 A.2d 1218, 1227 (Pa. 2005).

A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilt. *Commonwealth v. Lynch*, 820 A.2d 728 (Pa. Super. 2003). The "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.*, at 733, quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002).

"[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea ... This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. ... The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily

and intelligently made.'" ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (citations omitted).

## DISCUSSION:

Upon review of the PCRA Petition and the Appellant's testimony during both our October 27 and December 20, 2020 hearings, there were two primary issues that the Appellant was essentially asserting in seeking the requested relief, i.e., withdrawal of his guilty plea and a return of the case to the trial list. Those two issues are addressed as follows:

*1. Whether the Appellant is entitled to a reduction in his sentence based upon his allegation that he advised prior counsel, Attorney Donaldson, that he was willing to accept the Commonwealth's plea offer of 6 months minimum incarceration in return for his cooperation against his co-defendants?*

During our October 27, 2020 hearing, the Appellant testified that during a pretrial conference, Attorney Donaldson conveyed to him an offer of 6 months' minimum incarceration if he was willing to cooperate against his co-defendants, Eric Bryant and Jessica Campbell. [R.R. #30, p. 4]. The Appellant testified that he agreed to cooperate. He pointed out that in support of his argument, his bail was reduced with the consent of the Commonwealth. [R.R. # 30, p. 4]. The court records show that the Appellant's bail was reduced from $25,000 monetary bail to $25,000

10

unsecured bail on or about November 20, 2017 by the Honorable Elizabeth A. Doyle. [R.R. #4 and 6]. Sometime prior to the preliminary conference held February 4, 2019, Attorney Donaldson's appointment was vacated due to illness, and Attorney Pletcher was appointed as counsel of record for the Appellant. [R.R. #15].

In the intervening time frame, per the Appellant's testimony, his co-defendants pled guilty, thus obviating any need for the Commonwealth to utilize him. [R.R. #30, p. 5].

On the date the Appellant entered his plea, he acknowledged that through Attorney Pletcher, he negotiated a deal from 4 to 10 years to the 3 to 15 years he accepted. [R.R. #30, pp. 5 and 7].

There are certain factors which were critical to our decision. First of all, there was no proof that even if the Appellant "accepted" the plea offer from the Commonwealth to cooperate in return for a plea agreement of 6 months minimum, that such "agreement" was ever conveyed to the Commonwealth. Further, the Appellant admitted during our October 27, 2020 hearing that he never actually testified against any of his co-defendants [R.R. #30, pp. 6-7], nor did he cooperate in any manner with the Commonwealth. Further, a plea offer containing a 6-month

11

minimum sentence was never presented to the Blair County Court and accepted by any of our judges. [R.R. #30, p. 9].

No plea agreement exists unless and until it is presented to the court. Our Supreme Court has also held that "[w]here a plea agreement has been *entered of record* and has been *accepted* by the trial court, the [Commonwealth] is required to abide by the terms of the plea agreement." *Commonwealth v. McElroy*, 665 A.2d 813, 816 (Pa. Super. 1995) (internal citations omitted) (emphasis in original).

In the case at bar, there was no evidence the plea "agreement" was ever reduced to writing and signed by the Appellant, his legal counsel, nor any attorney for the Commonwealth. The plea "agreement" was never presented to nor accepted by the court. Therefore, we found absolutely no legal basis to support the Appellant's assertion that the "agreement" to a 6-month minimum sentence should have been enforced.

On the date the Appellant entered his guilty plea and was sentenced, the Appellant completed a written guilty plea colloquy form. In his responses, the Appellant acknowledged the crimes to which he was pleading guilty, he confirmed that he understood the maximum sentence that could be imposed for each crime, he confirmed that his lawyer explained to him the nature and elements of the charges to

12

which he was pleading guilty and he admitted to committing each of the criminal offenses to which he was pleading guilty. In addition, the Appellant confirmed that he had a right to a jury trial and acknowledged all constitutional rights attached thereto. [R.R. #22A, ¶15-32]. Further, the Appellant confirmed in his written guilty plea colloquy that he understood that the terms of the plea agreement called for a sentence of 3 to 15 years, with eligibility for RRRI. [R.R. #22A, ¶36]. The Appellant also indicated that he was satisfied with his lawyer's representation and that he had sufficient time to discuss the case and the advantages and disadvantages of entering a plea of guilty instead of going to trial. [R.R. #22A, ¶39a. and b.]. The Appellant confirmed that he was presently on probation and parole, that he understood that a guilty plea could mean a violation of his probation or parole, and that he may be sentenced to return to prison as a result of that violation. Finally, the Appellant acknowledged that he understood that the maximum possible prison sentence for the charges before the court could be made to run consecutively to, or in addition to, any other jail or prison sentences on any other charges. [R.R. #22A, ¶¶40-41]. We incorporate the Appellant's written guilty plea colloquy form that he completed on April 8, 2019 herein, which was made part of the record on the date of his sentencing.

13

In addition to the written guilty plea colloquy, this court conducted additional verbal colloquy of the Appellant on the date he entered his plea. [R.R. #31, pp. 3-4].

Therefore, based upon the foregoing, we were satisfied that the Appellant's guilty plea on April 8, 2019 was entered knowingly, intelligently and voluntarily. The Appellant received a sentence consistent with the agreement that he negotiated with the Commonwealth, i.e., 3 to 15 years with credit for time served and RRRI eligibility. The Appellant has failed to prove that Attorney Donaldson and/or Attorney Pletcher rendered ineffective assistance of counsel in any manner relative to his plea.

**2.    Whether the Appellant is entitled to additional credit for time served based upon his belief that his sentence would commence on the date of sentencing, despite facing a state parole hit?**

The Appellant testified that it was his understanding that his sentence "started that day" (i.e., on the date he entered his plea and was sentenced) based upon his discussion with counsel. [R.R. #30, p. 5].

14

The Appellant also asserted that this court set forth in our April 8, 2019 sentencing order that his sentence "shall be deemed to commence this date". In review of our Sentencing Order of April 8, 2019, we could find no such language. Furthermore, in review of the transcript from the April 8, 2019 proceeding, there were no representations or promises made by this court nor the Commonwealth that the 3 to 15-year sentence being imposed would run concurrently with any parole hit. Even if such statement was made, it would be unenforceable since the Pennsylvania Board of Probation and Parole controls that decision subject to statutory authority. 61 Pa. C.S.A. §6138.

Upon recommitment as a convicted parole violator, a parolee must serve the remainder of the original term which he would have been compelled to serve had he not had been paroled, with no credit given for street time. 61 Pa. C.S.A. §6138(a)(2). See, e.g., *Boyd-Chisholm v. Pennsylvania Board of Probation and Parole*, 240 A.3d 1005, 1011 (Pa. Cmwlth. 2020).

15

Therefore, the Appellant was not entitled to relief upon this claim. Thus, we entered our Opinion and Order denying the Appellant post-conviction relief. We respectfully request your Honorable Superior Court to affirm our Order of February 3, 2021.

Respectfully Submitted,

Honorable Timothy M. Sullivan

Dated: May _____ 13 _____, 2021